Original

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 24 2022

JULIA C. DUDLEY, CLERK
BY: A. Beeson
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Maurice J Sinkfield,<br>Plaintiff, | ) Civil Action No. 7:22CV33 |
| | ) |
| VS. | ) Judge |
| | ) |
| UNITED STATES OF AMERICA,<br>Defendant. | ) COMPLAINT |

## JURY TRIAL DEMANDED
## COMPLAINT FOR MONEY DAMAGES

## I. JURISDICTION

1. Plaintiff brings this lawsuit pursuant to 28 U.S.C. § 1331 Chapter 85 Part IV; 28 U.S.C. §§ 1346(b), 2671-80 (FTCA). Under said sections this Court has Jurisdiction.

## II. VENUE

2. The Western District of Virginia is an appropriate venue under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims asserted hereunder occurred

in the Special Maritime and Territorial Jurisdiction of the United States to wit: U.S.P. LEE LEE County Industrial Park Hickory Flats Road Pennington Gap, Virginia 24277, in this district.

## III. PARTIES

3. Plaintiff maurice j sinkfield is at all times relevant to this action a prisoner incarcerated at FMC Lexington 3301 Leestown road Lexington, Kentucky 40511.

4. Defendant UNITED STATES OF AMERICA is at all times relevant to this action. Under the Eighth Article and Amendment to the U.S. Constitutions the defendant is responsible for ensuring the safety and well-being of prisoners in its federal prisons. The United States of America is sued in its individual and official capacities.

## IV. EXHAUSTION OF ADMINISTRTIVE REMEDIES

5. Plaintiff has exhausted his administrative remedies as required by Federal Bureau of Prisons policy and federal law. On March 30, 2021, plaintiff sent a Standard Form 95 via certified mail to the Mid-Atlantic Regional Office. It was received on April 09, 2021, at 8:13 am. See

Page 2 of 13

Exhibit A (USPS Tracking information with the Certified Mail Receipt attached (2 Pages)); Exhibit B (the Standard Form 95 and exhibits (8 pages)). Both the Mid-Atlantic Regional Office and Central Office has failed to respond or answer. There is no further remedy. If no response within 6 months the claim is deemed denied under 28 U.S.C. § 2675(a). Plaintiff has met the exhaustion requirement because the government did not respond to plaintiff's administrative complaint within 6 (six) months.

## V. FACTUAL ALLEGATIONS

6. On October 21, 2020, at or around 6:00 pm at U.S.P. LEE in K-Unit cell 322 the Plaintiff Maurice J Sinkfield did suffer serious physical injuries to wit: Knee dislocation; right Tibial Plateau fracture and right lateral meniscus tear at the periphery.

7. Plaintiff attempted to climb into his assigned bunk bed using a prison issued plastic chair and then the chair slipped out from under him.

8. Plaintiff then fell, hit the concrete cell floor, but his right leg was caught and on the way down his right tibial plateau fractured; his right knee dislocated and his right lateral

meniscus tore at the periphery. The pains were excruciating and never stopped.

9. Plaintiff had to use the plastic chair to step on and climb into his bed because there were no bunk bed and step ladders available; prison officials refused to assign plaintiff to a bottom bunk bed after his requests and after his reports to U.S.P. LEE medical staff where he stated he has severe knee pains; his inability to climb and past surgical procedures on his left knee; arthritis in both his knees.

10. Prison officials were fully aware of plaintiff's condition and the possibility that plaintiff could fall and be seriously injured. The Prison officials also knew well that using a prison issued plastic chair to climb is unsafe because the plastic chair can slip out from under a natural person and cause him/her to fall and hit the concrete floor, causing serious physical injury (ies) requiring medical attention.

11. It note that Federal Bureau of Prisons require all in custody inmates to sleep only in there assigned bed in there assigned living quarters. Failure to do so will result to disciplinary action

being taken against the inmate(s). In K-Unit cell 322 the Plaintiff had only one option, that is, sleep only in the assigned bunk bed in the assigned living quarter (K-Unit cell 322 top bed) or face disciplinary action at U.S.P. LEE. And the injuries plaintiff suffered were unavoidable because there was only one way Plaintiff could get into his assigned bed and get some sleep, that is, by using the prison issued plastic chair that slipped out from under him when he attempted to climb into his 5 ft. 5 in. high assigned bed.

12. After Plaintiff's fall and serious physical injuries inmate Christopher Smith, reg. no. 63350-060 called Unit Officers to the cell and reported what happen then asked for medical staff. The Unit Officers then contacted institutional compound officers who then reported to K-Unit cell 322 and unsuccessfully attempted to escort Plaintiff to the Medical Department. Hours later, Lieutenant C. Hamilton; Officer S. Turner and 5 additional officers entered the cell. Lieutenant C. Hamilton began informing plaintiff that (1) he does not like him (Plaintiff); (2) that Plaintiff will be placed in restraints and on the concrete block, and (3) repeatly beaten every 2 hours, if plaintiff objects to medical officer Spencer Bowman, RN's

deliberate false medical assessments and Bowman's refusal to permit Plaintiff to receive emergency medical assistance at the nearest hospital.

13. Not more than 2 hours later, medical officer Spencer Bowman, RN, entered cell 322. And began examining Plaintiff's right leg. Then he did knowingly and intentionally ignored Plaintiff's clearly visible serious physical right leg injuries and Plaintiff's legitimate need of emergency medical assistance at a hospital.

14. In the BOP's Health Services Clinical Encounter dated 10/21/2020 at 22:50, Officer Bowman wrote:

   ..."Inmate laying in bed with both knees bent, right knee was palpitated, no swelling observed at this time, no obvious deformity. Inmate did flex right knee with slight distress observed. Inmate was provided ace wrap and told that he could have ice for his knee.

Bowman was not truthful. The Plaintiff's right knee was clearly dislocated and swollen, and his right tibial plateau was broken. Plaintiff was in great excruciating pains and agony, that he

Page 6 of 13

verbally expressed to and was ignored by medical officer Spencer Bowman, RN.

15. Officer S. Bowman, then exited cell 322 and never returned.

17. Plaintiff then laid in bed in great excruciating pains and agony that never stopped. The next morning, inmate christopher Smith noticed medical officer charles Bray walking inside K-Unit, and he called officer Bray to cell 322 and reported Plaintiff's induries to officer Bray.

18. Officer Bray entered cell 322 and conducted a exmination on Plaintiff's right knee and he found "positive tenderness with flexion, extension, internal and external rotation of the knee. Swelling noted to the knee." see. BDP Health Services Clinical Encounter dated 10/22/2020 at 07:12

19. At 12:33 pm on 10/22/2020 Dr. Timothy York, entered cell 322 and conducted a exmination on Plaintiff's right leg. Dr. York, after his examin-ation explained to plaintiff the need for an x-ray and further medical care. Dr. York then exited the cell and then made arrangements to transport Plaintiff to facility for medical care. See. BDP Health Services Clinical Encounter - Administrative

Note, dated 10/22/2020 at 12:33, by Dr Timothy York on 12/22/2020 at 12:48.

20. Plaintiff was then escorted by wheelchair to R and D. EMS was contacted and arrived at U.S.P. Lee. EMS transported Plaintiff to Watauga Orthopaedics, PLL. 2410 Susannah Street, Johnson City TN 37601-1748. And an X-ray of Plaintiff's right leg was conducted.

21. Watauga Orthopaedics medical doctor (6) determined upon review that Plaintiff needs emergency surgery. Medical staff conducted an physical exam on plaintiff and found:

1. Exam is limited due to Patient's Pain;
2. Right lower extremity, Knee;
3. There is moderate swelling of the knee and obvious deformity;
4. Tender palpation globally about the knee;
5. Neurovascularly intact distally;
6. There is swelling into the lower leg and foot;
7. No abrasions

See Watauga Orthopaedics Encounter and Procedures. Physical Exam. Page: 3/7. date: 10/22/2020 at 04:00pm.

22. Nurses then applied a splint to Plaintiff's right leg and then EMS arrived to transport Plaintiff to Bristol Regional Medical Center 1 Medical Park Boulevard Bristol, TN 37620-7495 for emergency surgery.

23. Upon arrival Plaintiff was immediately taken to the operating room and Dr. Jason Fogleman, MD proceeded with closed reduction and external fixation, surgical procedural. According to orthopedic surgion Jason A. Fogleman's pre-operative diagnoses report, Plaintiff injuries are:

1. Closed, displaced right tibial plateau fracture;
2. Right Knee dislocation

24. Doctors determined definitive surgical repair would require, Plaintiff to be transferred to Johnson City Medical Center (JCMC) for orthotrauma evaluation.

25. Plaintiff was then transferred by EMS, to Johnson City Medical Center (JCMC) 400 North State of Franklin Road Johnson City, TN 37604-6035, on October 27, 2020.

26. On 10/30/2020, Dr Daniel E. Krenk, proceeded with open reduction and internal fixation of right bicondylar tibial plateau fracture, right tibial shaft fracture; open repair of right lateral meniscus tear; and removal of external fixator, right lower extremity placed by another surgeon. According to orthopedic surgion Dr. Daniel E. Krenk pre-operative diagnoses, Plaintiff's induries are:

1. Right bicondylar tibial plateau fracture;
2. Right tibial shaft fracture;
3. Right lateral meniscus tear at the periphery;
4. External fixator, right lower extremity placed by another surgeon.

27. Plaintiff remained in the hospital until November 10, 2020, then returned to U.S.P. LEE and placed in Special Housing Unit (Z01). And on November 17, 2020, Plaintiff was then transferred to Lexington Federal Medical Center 3301 Leestown Road Lexington, Kentucky 40511 for physical therapy.

28. Medical doctors and Physical Therapists informed Plaintiff that he will have to undergo further surgical procedures (i.e., knee replacement(s); removal of the lateral and medial proximal tibial plates and the lag,

conical, cortical and locking screws).

29. Doctors and Physical Therapists also informed Plaintiff that the excruciating pains he feels may never stop, indicating that the pains will last for the rest of Plaintiff's life.

VI.   CAUSES OF ACTION
         COUNT I

Plaintiff was subject to Cruel and Unusual Punishment in violation of the Eighth Amendment to the Constitution.

30. Plaintiff incorporates paragraphs 1 through 29 as though they were stated fully herein.

31. Defendant violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by keeping Plaintiff in unsafe living conditions at U.S.P. Lee in K-Unit cell 322; by denying Plaintiff emergency medical assistance on October 21, 2020, and leaving him in excruciating ongoing pains. Plaintiff also suffers mental and emotional injury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Declare that the acts and omissions decribed herein violated Plaintiff's right(s) under the Constitutions and laws of the United States;

B. Order defendant to pay Plaintiff, for damages, injuries, pains and suffering, thereby caused in the amount of $8,000,000. lawful money of the United States, a Dollar is 371.25 grains of fine silver, or the equivalent of Gold, notes or other instruments acceptable to Plaintiff, tax free;

C. Order defendant to pay reasonable attorney fees, cost and filing fee;

D. Grant Plaintiff other just and equitable relief that this Honorable Court deems necessary.

Kentucky State  )          AFFIDAVT

Fayette County  )

That I, maurice j sinkfield hereby swear under the law of God and under penalty of perjury that all stated in the foregoing civil complaint is true and accurate to the best of my knowledge and belief, and

That, the United States did subject affiant to unsafe living conditions that did cause affiant's injuries and damages that are irreparable, and violated affiant's Eighth Amendment and Article rights to be free from cruel and unusual punishment, and

Further Affiant sayth not.
Done this _18th_ day of _January_, 2022

Respectfully Submitted,
_Maurice Sinkfield_
maurice sinkfield
Natural Person; Affiant;
Plaintiff
LEXINGTON FMC
3301 Leestown Road
Lexington, Kentucky 40511

Dianna Baldasare Dupont
Notary Public  KYNP6769
exp 4/27/2024

Notary Seal

page 13 of 13

FROM: Maurice J Schofield
Federal Medical Center Lexington (63996060)
3301 LEESTOWN ROAD
LEXINGTON, Kentucky 40511

OFFICIAL BUSINESS

7020 0090 0001

PLACE STICKER AT TOP OF ENV
OF THE RETURN ADDRESS, FO

**CERTIFIED**

7020 0090 000



5907 4996

MAIL®

1 5907 4996

TO: UNITED STATES DISTRICT COURT

OFFICE OF THE CLERK
210 FRANKLIN RD., RM. 540
ROANOKE, VIRGINIA 24011