# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MAURICE J. SINKFIELD,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00033 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Maurice J. Sinkfield, Pro Se Plaintiff; Justin M. Lugar, Assistant United States Attorney,* OFFICE OF THE UNITED STATES ATTORNEY, *Roanoke, Virginia, for Defendant.*

The plaintiff, Maurice J. Sinkfield, a federal inmate proceeding pro se, filed this action against the United States under the Federal Tort Claims Act (FTCA). He alleges that officials at his prison negligently failed to provide a ladder or any safe alternative by which he could access his assigned top bunk and failed to provide him emergency care after he fell and suffered injuries. I granted the United States' Motion to Dismiss as to the unsafe conditions claim, but I directed a further response to Sinkfield's medical malpractice claims. The United States has filed a Second Motion to Dismiss, and Sinkfield has responded, making the matter ripe for consideration. After review of the record, I conclude that the Second Motion to Dismiss must be granted.

I.

In my prior Opinion and Order, I provided a detailed summary of Sinkfield's allegations in support of his FTCA claims that I will not repeat here. *Sinkfield v. United States*, No. 7:22CV00033, 2023 WL 2344237, at *1–2 (W.D. Va. Mar. 3, 2023). In brief, when Sinkfield arrived at the United States Penitentiary Lee, he asked for a bottom bunk because he had knee problems. Officials assigned him to a top bunk that had no ladder, so he used a plastic chair to climb onto his bunk. On October 21, 2020, as Sinkfield attempted to climb into his bunk, the chair slipped, and he fell and suffered injuries to his right leg.

A nurse examined Sinkfield at his cell on October 21, 2020. Although the nurse noted no swelling or obvious deformity, the nurse provided treatment — an ace wrap and ice if desired. Medical providers who examined Sinkfield the next day decided to have him transported for examination by an orthopedic specialist, who recommended surgery. Ultimately, Sinkfield underwent two surgeries on his right knee for fractures and a torn meniscus.

As indicated, I granted the United States' previous Motion to Dismiss, finding that the discretionary function exception to the FTCA barred Sinkfield's claims about officials' failure to provide him a ladder to access his assigned top bunk. *Id.* at 4. Liberally construing Sinkfield's pro se pleading, however, I found that he also alleged medical malpractice claims that the United States had not addressed. In its

Second Motion to Dismiss, the United States contends that these claims fail because Sinkfield did not mention medical negligence issues in his administrative claim. On that basis, the United States argues that Sinkfield's medical malpractice claims should be dismissed for lack of jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Sinkfield has responded to the motion, making it ripe for consideration.

II.

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), challenges the court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In addressing such a jurisdictional challenge, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.*[1] A district court should grant a Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

---

[1] I have omitted internal quotation marks, citations and/or alterations here and throughout this Opinion, unless otherwise noted.

The FTCA expressly provides that, before bringing a court action against the United States for negligent actions of its employees, a claimant "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). Specifically, the claimant must present his claim to the appropriate federal agency in "an executed Standard Form 95 [SF 95] or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death." 28 C.F.R. § 14.2(a). The purpose of the SF 95 is to put the agency on notice of the facts and the alleged tort so that the agency has sufficient information to investigate the alleged injury and the cause of that injury. *Ahmed ex rel. Ahmed v. United States*, 30 F.3d 514, 516–17 (4th Cir. 1994). Thus, a suit brought under the FTCA may not exceed the scope of the administrative claim and may not include additional claims not presented to the appropriate agency and finally denied by the agency. *Doe v. United States*, 618 F. Supp. 71, 75 (D.S.C. 1985).

"It is well-settled that the requirement of filing an administrative claim before filing suit is jurisdictional and may not be waived." *Jordan v. Flippin*, No. 7:19CV00214, 2020 WL 1076048, at *4 (W.D. Va. Mar. 6, 2020). If a claim is not exhausted in the prescribed manner, it is not actionable under the FTCA and "dismissal is mandatory." *Henderson v. United States*, 785 F.2d 121, 124 (4th Cir. 1986).

It is undisputed that Sinkfield's SF 95 did not complain about medical negligence or malpractice, either before or after his fall. The tort claim Sinkfield filed, dated March 29, 2021, states:

> I was forced by U.S.P. Lee staff to use a plastic chair to climb on my assigned bunk bed that was over 5 feet high. There was no ladder. The plastic chair I was using slipped out from under me and I hit the concrete floor, but my right leg was caught on the way down which then caused my injuries. The living condition was unsafe, since longstanding, unconstitutional. See attachment[.]

Compl. Ex. B, SF 95, ECF No. 1-1. Sinkfield's SF 95 itself focuses on the absence of a bunk ladder as an unsafe living condition. The SF 95 does not assert that USP Lee medical staff should have provided him with a bottom bunk pass or make any complaint that staff provided inadequate medical care after Sinkfield's fall. Although he attached medical records to his SF 95, these records supported his claims of injury from his fall. In fact, he submits copies of correspondence about medical records, and none of these emails mentions a complaint about his medical care. Rather, the emails indicate that he sought records to show the nature and extent of the injury he suffered from not having a bunk ladder. Thus, I conclude that Sinkfield's SF 95 failed to notify the BOP of any claim regarding his medical care and failed to fulfill the administrative claim requirement under the FTCA.

When a plaintiff's FTCA Complaint raises a claim that was not included in his administrative tort claim to the agency, that claim is properly dismissed. *Baskette ex rel. Baskette v. United States*, No. 6:04 CV 00039, 2005 WL 1926612, at *3 (W.D.

Va. Aug. 9, 2005) (dismissing FTCA claim concerning medical conditions not mentioned in administrative claims on other medical issues). Because the BOP had no notice of, or opportunity to investigate, Sinkfield's medical malpractice allegations, this court lacks jurisdiction to consider them. *Id.*

In response to the United States' motion, Sinkfield argues that he should be excused for omitting his medical malpractice claim on the Form 95. He alleges that he mailed his SF 95, via certified mail, to the appropriate office of the Federal Bureau of Prisons (BOP), where it was received on April 9, 2021. More than six months passed. Sinkfield did not receive any notice of investigation of his claim, denial of his claim, or offer of settlement. In January 2022, he filed this lawsuit.[2]

Sinkfield contends that because he received no response to his SF 95, he did not know that BOP officials had considered it as presenting only as an unsafe conditions claim and not a medical malpractice claim. He asserts that under the BOP administrative remedies procedure, Program Statement 1330.18, sections 543.30 to 543.31, if he had gotten a response from BOP officials to his SF 95, he could have filed a request for reconsideration pursuant to § 543.31. In so doing, he could have clarified that he meant to raise a tort claim for medical malpractice and provided

---

[2] The FTCA provides that if the plaintiff does not hear back from the administrative agency within six months of filing his claim, this silence is "deemed a final denial of the claim" and the plaintiff can then file suit against the United States in federal court. 28 U.S.C. § 2675(a).

additional information in support of that claim.  Sinkfield contends that because BOP officials provided no response to the SF 95, the reconsideration motion function of the administrative remedies procedure was unavailable to him.  He cites *Ross v. Blake*, 578 U.S. 632, 642 (2016) ("[T]he exhaustion requirement hinges on the availab[ility] of administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones.").

Sinkfield's argument confuses the BOP administrative remedies scheme and the strict jurisdictional requirements for exhaustion of a claim under the FTCA.  These two exhaustion requirements and procedures are distinctly different and cannot be substituted, one for the other.  *De La Cruz-Garcia v. Lucas*, No. 1:16-05733, 2017 WL 944221, at *1–3 (S.D. W. Va. Mar. 10, 2017).  An inmate wishing to bring constitutional claims against individual federal prison officials must first exhaust administrative remedies under the BOP Program Statement and related procedures, as required by the Prison Litigation Reform Act (PLRA) and 28 U.S.C. § 1997e(a).  Under the PLRA exhaustion procedures, officials may reject an inmate's administrative remedy filing, notify him of its deficiencies, and give him a chance to correct the issue and resubmit the filing for consideration.  But Sinkfield may not rely on PLRA grievance procedure provisions to cure his FTCA filing's deficiencies.  The FTCA administrative claim procedure does not require the recipient agency to notify the claimant of its interpretation of his claim so he can

clarify it or provide additional support for it.  Rather, the SF 95 must be written to put the agency on notice of the alleged tort and supporting facts to allow the agency to investigate and decide the claim.  *Ahmed*, 30 F.3d at 516–17.

For the reasons stated, I conclude that Sinkfield failed to properly exhaust any medical malpractice claim as required under the FTCA.  Moreover, Sinkfield could not now complete the FTCA exhaustion process.  A FTCA claim must be "presented to the appropriate agency within two years after the claim accrues."  *Ahmed*, 30 F.3d at 516 (citing U.S.C. § 2401(b)).  Sinkfield did not fulfill this requirement.  Therefore, I will dismiss his medical malpractice claim under the FTCA with prejudice.

### III.

For the reasons stated in this Opinion, it is **ORDERED** that the United States' Second Motion to Dismiss, ECF No. 17, is GRANTED.

A separate judgment will enter herewith.

ENTER: October 24, 2023

/s/ JAMES P. JONES
Senior United States District Judge